The Honorable John "M" Lipton State Representative 200 South Martin Street Warren, AR 71671
Dear Representative Lipton:
This is in response to your request for an opinion on the following questions:
 1. Does the amount to be paid under the 70% provision in the School Finance Act of 1984 apply to teachers or to both teachers and administrators?
 2. Could a previous school board's payroll policy be binding on a new school board, or can a new board establish a new payroll policy?
Arkansas Code of 1987 Annotated 6-20-307 is dispositive of your first question wherein it states:
 As used in this subchapter [The School Finance Act of 1984), unless the context otherwise requires, `certified personnel' means those teachers and administrators required to have a state-issued certificate to hold their positions and who are paid from a combination of state and local funds.
A.C.A. 6-20-307(a) (Supp. 1989).
The 70% requirement is found in Section 6-20-307(c) (Supp. 1989) as follows:
 Each district in the state shall pay its qualifying certified personnel an amount equal to seventy percent (70%) of its net current revenue.
See also A.C.A. 6-20-319(4)(A) (Supp. 1989).
The 70% requirement thus applied to "certified personnel" which, as noted above, means "teachers and administrators" required to have a state-issued certificate and who are paid from state and local funds. A.C.A. 6-20-307(a).
With regard to your second question, a conclusive response would require consideration of the specific policy. It is my understanding, however, that your inquiry pertains to the 70% provision, noted above; and specifically, whether a school board's policy removing administrators from this requirement could be binding on a new board.
Since a general exclusion of administrators from the 70% provision would be contrary to A.C.A. 6-20-307, supra, this question is moot. Each district must pay its "certified personnel", meaning teachers and administrators required to have state-issued certificates, an amount equal to at least 70% of its net current revenue.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.